***E-FILED - 9/30/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEREZ HERNANDEZ,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent. | No. C 09-3457 RMW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING ORDER FOR DISCOVERY; DENYING APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 3, 5, 6, 8, 9) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's applications for leave to proceed in forma pauperis (docket nos. 3, 5, 6) are GRANTED. The court orders respondent to show cause why a writ of habeas corpus should not be granted, DENIES petitioner's request for an order for discovery, and DENIES appointment of counsel.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in Santa Clara Superior Court of six counts of rape. On January 12, 2005, petitioner was sentenced to 90 years to life. Petitioner alleges that he has exhausted his state remedies, which were all denied. The instant federal petition was filed on July 27, 2009.

///

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Cognizable Claims

As grounds for federal habeas relief petitioner asserts that: (1) the trial court erred in sua sponte instructing the jury on the lesser included offense of incest; (2) the trial court erred in denying defense counsel's request to instruct the jury on unlawful sexual intercourse, pursuant to California Penal Code § 261.5; (3) the prosecutor committed misconduct by: (a) vouching for the credibility of the victim, (b) failing to disclose exculpatory evidence and impeachment material, (c) misstating material facts; (4) he was prejudiced by cumulative instances of prosecutorial misconduct; (5) he received ineffective assistance of counsel for: (a) failing to impeach the victim and other prosecution witnesses, (b) failing to object to prejudicial evidence and prosecutorial misconduct, (c) violating the attorney-client privilege, (d) failing to investigate, (e) cumulative errors; (6) the trial court's denial of his Marsden motions deprived petitioner of effective assistance of counsel; (7) the trial court erred by admitting evidence of petitioner's prior conduct of domestic and sexual violence; (8) the trial court improperly denied admission of a letter that the victim sent to petitioner; (9) the evidence was insufficient to establish that petitioner personally inflicted great bodily injury on the victim; (10) the trial court erroneously instructed the jury that pregnancy or child birth could constitute great bodily injury; and (11) he received ineffective assistance of appellate counsel for failing to raise grounds 1-4 and 5(c). Liberally construed, petitioner's allegations are sufficient to require a response. The court orders

1  respondent to show cause why the petition should not be granted.

2  **C.      Petitioner's Addendum**

3       On August 24, 2009, petitioner filed an addendum to his petition in order to make minor
4  corrections to his original petition, as well as substitute exhibits.  Petitioner also adds another
5  claim to his petition, entitled, "State court errorred [sic] in denying petitioner's evidentiary
6  hearing."   However, "errors in the state post-conviction review process [are] not addressable
7  through federal habeas corpus proceedings."  See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th
8  Cir. 1997).  Such errors generally are not an attack on the prisoner's detention and therefore are
9  not cognizable for federal habeas relief.  Cf. Franzen v. Brinkman, 877 F.2d 26, 26 (9th
10 Cir. 1989) (per curiam).  Accordingly, this claim is DISMISSED without leave to amend.

11 **D.      Motion for Discovery**

12      Petitioner filed a motion requesting that the court order the Santa Clara County District
13 Attorney's Office to provide him with seven audio tapes and "any and all discovery that
14 petitioner was entitled to prior to trial."  (Mot., p. 3.)

15      A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
16 discovery as a matter of ordinary course.  See Bracy v. Gramley, 520 U.S. 899, 904 (1997).
17 However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254,
18 provides that a "judge may, for good cause, authorize a party to conduct discovery under the
19 Federal Rules of Civil Procedure and may limit the extent of discovery."  Before deciding
20 whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the
21 essential elements of the underlying claim.  See Bracy, 520 U.S. at 904 (difficulties of proof
22 aside, petitioner's allegation of judicial bias, if proved, would violate due process clause).  The
23 court must then determine whether the petitioner has shown "good cause" for appropriate
24 discovery to prove his claim.  See id.

25      Good cause for discovery under Rule 6(a) is shown "where specific allegations before the
26 court show reason to believe that the petitioner may, if the facts are fully developed, be able to
27 demonstrate that he is . . . entitled to relief . . ."  Bracy, 520 U.S. at 908-09 (internal quotation

28

1  omitted).  Petitioner has not set forth any specific allegations showing that any particular
2  documents or tapes he seeks will enable him to demonstrate that he is entitled to relief.  See id.
3  Instead, he merely claims in conclusory fashion that his counsel was ineffective for failing to
4  investigate these necessary tapes and that the tapes contained impeachment material.  This does
5  not satisfy the specificity requirement of Bracy.  Additionally, petitioner has not shown that the
6  relevant state record, which respondent will provide the court, is insufficient for a decision on his
7  claims.  Discovery at this time is not warranted.  However, should the court, upon review of the
8  submitted papers, determine that expansion of the record through discovery is warranted, the
9  court will at that time grant petitioner leave to conduct discovery.  Accordingly, petitioner's
10 motion for discovery is DENIED without prejudice.

**E.    Motion for Appointment of Counsel**

The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See id. at 1196.

At this early stage of the proceedings the court is unable to determine whether the appointment of counsel is mandated for petitioner.  Accordingly, the interests of justice do not require appointment of counsel at this time, and petitioner's request is DENIED.  This denial is without prejudice to the court's sua sponte reconsideration should the court find an evidentiary hearing necessary following consideration of the merits of petitioner's claims.

**CONCLUSION**

1.    Petitioner's motions to proceed in forma pauperis (docket nos. 3, 5, 6) are GRANTED.

1    2.    Petitioner's claim that the state court erred in denying his evidentiary hearing is
2 DISMISSED.  Petitioner's motion for discovery is DENIED.  (Docket No. 8.)  Petitioner's
3 motion to appoint counsel is DENIED.  (Docket No. 9.)
4    3.    The clerk shall serve by mail a copy of this order and the petition (docket
5 no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the
6 Attorney General of the State of California.  The clerk shall also serve a copy of this order on the
7 petitioner.
8    4.    Respondent shall file with the court and serve on petitioner, within **ninety days** of
9 the filing date of this order and the petition, an answer conforming in all respects to Rule 5 of the
10 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
11 granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of
12 the underlying state criminal record that have been transcribed previously and that are relevant to
13 a determination of the issues presented by the petition.
14       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
15 court and serving it on respondent within **thirty days** of the filing date of the answer.
16    5.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
17 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
18 2254 Cases within **ninety days** of the filing date of this order.  If respondent files such a motion,
19 petitioner shall file with the court and serve on respondent an opposition or statement of non-
20 opposition within **thirty days** of the file date of the motion, and respondent shall file with the
21 court and serve on petitioner a reply within **fifteen days** of any opposition.
22    6.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
23 all communications with the court must be served on respondent by mailing a true copy of the
24 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
25 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
26 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
27 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
28

1  This order terminates docket numbers 3, 5, 6, 8, and 9.

2  IT IS SO ORDERED.

3  DATED: 9/30/09

   RONALD M. WHYTE
   United States District Judge