1

2

3

4

5                                          *E-FILED - 12/8/09*

6

7

8

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ANTHONY PEREZ HERNANDEZ,          )   No. C 09-3457 RMW (PR)
                                       )
12             Petitioner,             )   ORDER TO SHOW CAUSE;
                                       )   GRANTING LEAVE TO
13     v.                              )   PROCEED IN FORMA PAUPERIS
                                       )
14   JAMES WALKER, Warden,             )
                                       )   (Docket Nos. 3, 5)
15             Respondent.             )
                                       )
16   _____  )

17        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

18   28 U.S.C. § 2254.  Petitioner's applications for leave to proceed in forma pauperis (docket nos.

19   3,5) are GRANTED.  The court orders respondent to show cause why a writ of habeas corpus

20   should not be granted.

21                              **BACKGROUND**

22        According to the petition, petitioner was convicted by a Santa Clara County jury of six

23   counts of rape.  On January 12, 2005, petitioner was sentenced to 90 years to life.  Petitioner

24   alleges that he has exhausted his state remedies, which were all denied.  The instant federal

25   petition was filed on July 27, 2009.

26                              **DISCUSSION**

27   **A.   Standard of Review**

28        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

Order to Show Cause; Granting Leave to Proceed In Forma Pauperis
P:\PRO-SE\SJ.Rmw\HC.09\Hernandez457oscifp.wpd    1

1   custody pursuant to the judgment of a state court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

3   <u>v. Hodges</u>, 423 U.S. 19, 21 (1975).

4         A district court shall "award the writ or issue an order directing the respondent to show

5   cause why the writ should not be granted, unless it appears from the application that the

6   applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

7   **B.      Petitioner's Claims**

8         As grounds for federal habeas relief petitioner asserts that: (1) the trial court erred in sua

9   sponte instructing the jury on the lesser included offense of incest; (2) the trial court erred in

10   denying defense counsel's request to instruct the jury on unlawful sexual intercourse, pursuant to

11   California Penal Code § 261.5; (3) the prosecutor committed misconduct by: (a) vouching for the

12   credibility of the victim, (b) failing to disclose exculpatory evidence and impeachment material,

13   (c) misstating material facts; (4) he was prejudiced by cumulative instances of prosecutorial

14   misconduct; (5) he received ineffective assistance of counsel for: (a) failing to impeach the

15   victim and other prosecution witnesses, (b) failing to object to prejudicial evidence and

16   prosecutorial misconduct, (c) violating the attorney-client privilege, (d) failing to investigate, (e)

17   cumulative errors; (6) the trial court's denial of his <u>Marsden</u> motions deprived petitioner of

18   effective assistance of counsel; (7) the trial court erred by admitting evidence of petitioner's

19   prior conduct of domestic and sexual violence; (8) the trial court improperly denied admission of

20   a letter that the victim sent to petitioner; (9) the evidence was insufficient to establish that

21   petitioner personally inflicted great bodily injury on the victim; (10) the trial court erroneously

22   instructed the jury that pregnancy or child birth could constitute great bodily injury; and (11) he

23   received ineffective assistance of appellate counsel for failing to raise grounds 1-4 and 5(c).

24   Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders

25   respondent to show cause why the petition should not be granted.

26                                    **CONCLUSION**

27         1.      Petitioner's motions to proceed in forma pauperis (docket nos. 3, 5) are

28   GRANTED.

Order to Show Cause; Granting Leave to Proceed In Forma Pauperis
P:\PRO-SE\SJ.Rmw\HC.09\Hernandez457oscifp.wpd      2

1    2.      The clerk shall serve by mail a copy of this order and the petition (docket

2    no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the

3    Attorney General of the State of California.  The clerk shall also serve a copy of this order on the

4    petitioner.

5    3.      Respondent shall file with the court and serve on petitioner, within **ninety days** of

6    the filing date of this order and the petition, an answer conforming in all respects to Rule 5 of the

7    Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

8    granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

9    the underlying state criminal record that have been transcribed previously and that are relevant to

10   a determination of the issues presented by the petition.

11   If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

12   court and serving it on respondent within **thirty days** of the filing date of the answer.

13   4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

14   answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

15   2254 Cases within **ninety days** of the filing date of this order.  If respondent files such a motion,

16   petitioner shall file with the court and serve on respondent an opposition or statement of non-

17   opposition within **thirty days** of the file date of the motion, and respondent shall file with the

18   court and serve on petitioner a reply within **fifteen days** of any opposition.

19   5.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

20   all communications with the court must be served on respondent by mailing a true copy of the

21   document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

22   change of address by filing a separate paper captioned "Notice of Change of Address."  He must

23   comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

24   of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

25   IT IS SO ORDERED.

26   DATED: 12/7/09

_Ronald M Whyte_

RONALD M. WHYTE
27   United States District Judge

28