*E-FILED - 9/30/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEREZ HERNANDEZ,<br><br>  Petitioner,<br><br>  v.<br><br>JAMES WALKER, Warden,<br><br>  Respondent. | No. C 09-3457 RMW (PR)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION FOR DISCOVERY; FURTHER SCHEDULING ORDER<br><br>(Docket Nos. 18, 29, 33) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 convictions and sentence. Respondent filed a motion to dismiss the petition as untimely. Petitioner filed an opposition and letter supporting his opposition. Respondent filed a reply.[1] Based on the papers submitted, the court will DENY respondent's motion to dismiss.

**BACKGROUND**

On January 12, 2005, the Santa Clara County Superior Court sentenced petitioner to 90 years to life in state prison for six counts of rape. (Petition at 2.) On June 16, 2006, the California Court of Appeal affirmed. (MTD, Ex. 1.) On October 11, 2006, the California Supreme Court denied review. (MTD, Ex. 2.) On December 23, 2007, petitioner filed his first

---

[1] Respondent's May 27, 2010 motion for extension of time to file a reply is granted. (Docket No. 29.)

1  state habeas petition in superior court.  (Opp., Ex. 1.)  The superior court denied the petition on
2  March 19, 2008.  (Opp. at 2.)  On May 19, 2008, petitioner filed a state habeas petition in the
3  California Court of Appeal.  (Opp., Ex. 2.)  The state appellate court denied the petition on
4  November 4, 2008.  (Opp. at 3.)  On January 31, 2009, petitioner filed a state habeas petition in
5  the California Supreme Court.  (Opp., Ex. 3.)  The California Supreme Court denied the petition
6  on July 15, 2009.  (Opp. at 3.)  Petitioner filed the instant federal petition on July 22, 2009.  See
7  Houston v. Lack, 489 U.S. 266, 276 (1988).

## DISCUSSION

I.      Motion to Dismiss

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Where, as here, the petition challenges a final judgment of the state court, 28 U.S.C. § 2244(d)(1)(A) applies, and the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, the California Supreme Court denied the petition for review on October 11, 2006.  (MTD, Ex. 2.)  The statute of limitations began running ninety days later, on January 9, 2007, when petitioner's conviction became final.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Petitioner's federal habeas petition was due on January 9, 2008.  Petitioner filed his original petition on July 22, 2009.  Thus, absent tolling, petitioner's federal petition is untimely.

1    Respondent moves to dismiss this action on the grounds that it was filed beyond the
2 statute of limitations by over seven months.  Specifically, respondent asserts that petitioner is
3 entitled to statutory tolling only from the time petitioner filed his habeas petition in the superior
4 court through the date the California Court of Appeal denied his petition.  Respondent argues
5 that petitioner is not entitled to tolling for the time petitioner was seeking collateral relief in the
6 California Supreme Court because petitioner unreasonably delayed seeking relief.  Respondent
7 concludes that the statute of limitations period ended on November 13, 2008 and thus,
8 petitioner's federal petition was untimely by more than seven months.
9    Petitioner responds that the 87-day delay between the California Court of Appeal denial
10 and the filing of his petition in California Supreme Court was not unreasonable.  Specifically,
11 petitioner asserts, inter alia, that he believed he had 90 days to file a petition in the California
12 Supreme Court, and that he filed a much lengthier petition including several more claims in his
13 California Supreme Court than in his lower court petitions.
14    The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during
15 which a properly filed application for State post-conviction or other collateral review with
16 respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  For example,
17 the statute remains tolled for state prisoners during the intervals between the issuance of a
18 decision in a state collateral proceeding and the filing of a petition seeking the next highest level
19 of state collateral review.  See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  As applied
20 to California's post-conviction procedure, the Supreme Court held that the statute of limitations
21 is tolled from the time the first state habeas petition is filed until the California Supreme Court
22 rejects the petitioner's final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 220, 223
23 (2002).
24    The circumstances under which a state petition will be deemed "pending" for purposes of
25 § 2244(d)(2) is a question of federal law.  Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003)
26 (en banc). An application for collateral review is "pending" in state court "as long as the
27 ordinary state collateral review process is 'in continuance'- i.e., 'until the completion of' that
28 process." Carey, 536 U.S. at 219-20.  In other words, until the application has achieved final

1  resolution through the State's post-conviction procedures, by definition it remains "pending."
2  Id. at 220.

3       In California, the time between a lower court decision and a filing of a new petition in a
4  higher court is treated as time the petition is "pending" as long as the petitioner did not
5  "unreasonably delay" in seeking review. Id. at 221-23. Nino concluded that the limitations
6  period "remains tolled during the intervals between the state court's disposition of a state habeas
7  petition and the filing of a petition at the next state appellate level." Nino, 183 F.3d at 1005.
8  After Carey, this means that a state habeas petition is pending "in the absence of undue delay,"
9  while a California petitioner "complete[s] a full round of [state] collateral review" all the way to
10 the California Supreme Court. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation
11 and internal quotations marks omitted). Thus, a federal court must determine whether a
12 petitioner "delayed 'unreasonably' in seeking [higher state court] review." Carey, 536 U.S. at
13 225. If so, the application would no longer have been "pending" during the period at issue. Id.

14      If the state court clearly rules that a petitioner's delay was "unreasonable," that is the end
15 of the matter, regardless of whether it also addressed the merits of the claims, or whether its
16 timeliness ruling was "entangled" with the merits. Id. at 226. Where the state court does not
17 clearly rule on a petitioner's delay, the federal court must evaluate all "relevant circumstances"
18 and independently determine whether the delay was "unreasonable." Carey, 536 U.S. at 226.

19      Here, the California Supreme Court issued a summary denial with no indication that it
20 considered petitioner's petition to be untimely. However, such an order does not automatically
21 mean that a petition was timely filed, under state law. Evans v. Chavis, 546 U.S. 189, 197
22 (2006). Noting that six months is far longer than the 30 to 60 days that most states provide for
23 the filing of an appeal, the Supreme Court held that an unjustified or unexplained 6-month delay
24 between post-conviction applications in California is not "reasonable" and does not fall within
25 Carey's definition of the term "pending." Id. Since Evans, the Ninth Circuit has held that
26 unexplained, and hence unjustified, delays of 115 and 101 days between California habeas
27 petitions were not reasonable. See Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per
28 curiam); see also Waldrip v. Hall, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least

1  eight months not "reasonable").

2        This case is not like <u>Chavis</u> where, after crediting the explanations proffered by the
3  petitioner, there remained "a totally unexplained, hence unjustified, delay of at least six months."
4  <u>Chavis</u>, 546 U.S. at 201.  Rather, here, petitioner has explained the 87-day gap between the
5  denial of his petition in the California Court of Appeal and the filing of his petition with the
6  California Supreme Court.  Petitioner states that he added three more claims in his petition to the
7  California Supreme Court, totaling an additional 29 more pages, and included a total of 68
8  exhibits.  (Opp. at 4-5; Decl. Petitioner at ¶ 2.)  Further, in petitioner's petition to the California
9  Supreme Court, he explained, pursuant to <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949), that his law
10 library access had been restricted and he had an ongoing investigation that still had not been
11 completed at the time of filing, which was being impeded by having an incomplete trial file.

12       Petitioner declared that he had been attempting to obtain his entire trial file from trial
13 counsel since 2006, despite being told that he was already in possession of the entire file.
14 Nevertheless, petitioner was forced to file his habeas petition with the California Supreme Court
15 even without his complete file, for fear that it would otherwise be dismissed as untimely.
16 Though petitioner had received written documents indicating that the State Bar Association and
17 subsequent lawyers believed petitioner was in possession of his entire file from trial counsel
18 (Opp. Exs. 11, 13), it appears that only after petitioner hired a private investigator to inquire
19 specifically about certain audio recordings, did he receive those audio recordings from trial
20 counsel.  (Decl. at 2.)  Moreover, once petitioner finally received the recordings in February
21 2009 (Opp. Ex 16), he filed a supplemental memoranda and supplemental exhibits with the
22 California Supreme Court.  (Opp. at 9-11, 13; Ex. 18.)  Thus, this is not the sort of unexplained,
23 lengthy, and, hence, unjustified delay that was at issue in <u>Chavis</u>.

24       Based on the circumstances in this case, the court cannot conclude that if the California
25 courts had considered the issue, they would have determined that the habeas petition with the
26 California Supreme Court was not filed within a "reasonable time."  Cf. e.g.,<u>Payne v. Davis</u>, No.
27 C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay
28 "well-within" the reasonable delay contemplated in Evans ); <u>Skoor v. Tilton</u>, No. CIV 06-1601,

1  2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (concluding that six-month delay neither
2  unjustified nor unreasonable under Chavis because the "delay was necessary to compile th
3  evidence which the superior court found was lacking"); Bui v. Hedgpeth, 516 F. Supp. 2d 1170,
4  1175-76 (C.D. Cal. 2007) (pro se petitioner entitled to "gap tolling" for periods of 83 and 158
5  days where, between denial and filing of habeas petitions in higher courts, petitioner
6  substantially revised and expanded his unsuccessful Superior Court petition, adding five new
7  grounds for habeas relief before the California Court of Appeal, and because prison regulations
8  restricted his access to the law library to make the required number of copies of the petition);
9  Roeung v. Felker, 484 F. Supp. 2d 1081, 1083-85 (C.D. Cal. 2007) (pro se petitioner entitled to
10 "gap tolling" for the six-month delay between the Superior Court's denial of his habeas corpus
11 petition and the subsequent habeas filing in the California Court of Appeal because petitioner
12 during this period, conducted further legal research, which revealed additional grounds for relief
13 and substantially rewrote and expanded his unsuccessful Superior Court petition; thus, the delay
14 was justified).

15      Accordingly, this court finds petitioner's 87-day delay is not unreasonable and is
16 statutorily tolled under 28 U.S.C. § 2244(d)(2).  Because the 87-day period is tolled, petitioner's
17 petition is timely and respondent's motion to dismiss is DENIED.

18 II.    Motion for Discovery

19      Petitioner requests an order from the court directing trial counsel to turn over audio
20 recordings that petitioner believes are still missing.  A habeas petitioner, unlike the usual civil
21 litigant in federal court, is not entitled to discovery as a matter of ordinary course.  See Bracy v.
22 Gramley, 520 U.S. 899, 904 (1997).  Petitioner must proffer how and why these items are
23 relevant or necessary to his underlying habeas claims.  Because he has not made this showing,
24 the motion is DENIED without prejudice.

25                            **CONCLUSION**

26      Respondent's motion to dismiss the petition (docket no. 18) is DENIED.  Petitioner's
27 motion for discovery (docket no. 33) is DENIED.

28      Respondent shall file with the court and serve on petitioner, within **ninety days** of the

1   date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
2   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
3   Respondent shall file with the answer and serve on petitioner a copy of all portions of the
4   underlying state criminal record that have been transcribed previously and that are relevant to a
5   determination of the issues presented by the petition.  If petitioner wishes to respond to the
6   answer, he shall do so by filing a traverse with the court and serving it on respondent within
7   **thirty days** of the date the answer is filed.

It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket nos. 18, 29, and 33.

IT IS SO ORDERED.

Dated: 9/30/10

_____
RONALD M. WHYTE
United States District Judge