IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY PEREZ HERNANDEZ, | ) | No. C 09-3457 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO STAY PETITION; |
| v. | ) ) | INSTRUCTIONS TO THE CLERK |
| JAMES WALKER, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following an initial review of the petition, the court found petitioner's claims cognizable and ordered respondent to show cause why the petition should not be granted. Petitioner has now filed a motion to stay the proceedings so that he may exhaust new issues in state court.

A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the

Order Granting Motion to Stay Petition; Instructions to Clerk
P:\PRO-SE\SJ.Rmw\HC.09\Hernandez457stay.wpd

petitioner.  Id.

The instant case is distinguishable from Rhines, however, in that petitioner has not filed a mixed petition; rather, he has filed a fully-exhausted petition and now asks for a stay while he returns to state court to exhaust unexhausted claims.  In King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit clarified that the procedure for granting a stay under such circumstances is different from the procedure employed where a petitioner seeks to stay a mixed petition.  Specifically, where a petitioner seeks a stay of a fully-exhausted petition while he returns to state court to exhaust unexhausted claims, no showing of good cause is required to stay the petition.  Id. at 1140.  Thereafter, however, the newly exhausted claims can be added to the original petition by amendment only if the claims are timely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  Id. at 1140-41.  If the newly exhausted claims are not timely filed in accordance with said statute, they can be added to the original petition by amendment only if they "relate back" to the claims in the original petition that were fully exhausted at the time of filing.  Id. at 1142-43 (citing Mayle v. Felix, 545 U.S. 644, 659 (2005)); Fed. R. Civ. P. 15(c).

Here, as noted, petitioner has filed a fully exhausted petition and requests a stay until the new claims he wishes to raise are exhausted, and he is able to amend the instant petition to add those claims.  Under such circumstances, the court may grant a stay without a showing of good cause.  See King, 564 F.3d at 1140.  Although the court has reservations about the eventual timeliness of petitioner's new claims, and whether they would "relate back" to the original petition, the court finds that the most prudent decision is to wait to address these issues after petitioner exhausts his state remedies and moves to amend his petition with the newly exhausted claims.

Accordingly, the petitioner's motion to stay is GRANTED.  If petitioner wishes to have this court consider his additional claims, he must properly present these claims to the state courts.  **Once the California Supreme Court has issued a decision on petitioner's additional claims, and if he does not obtain relief in state court, petitioner shall promptly notify this court within thirty days of the California Supreme Court's decision by filing a "Motion to**

1 **Reopen Action," along with an AMENDED PETITION stating all the claims, including the**
2 **newly exhausted claims, that he wishes to present to this court. The Amended Petitioner**
3 **shall have the caption, "AMENDED PETITION" and the case number C-09-3457 RMW.**
4 **Failure to comply with these deadlines may result in dismissal of this action.**

5     The clerk shall administratively close the file pending the stay of this action. This has no
6 legal effect; it is purely a statistical procedure. When petitioner informs the court that he has
7 exhausted his additional claims as set forth above, the case will be administratively re-opened.
8 All pending motions are DENIED without prejudice to renewal once the case has been re-
9 opened.

10     IT IS SO ORDERED.
11 DATED: _____

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
12                        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PEREZ HERNANDEZ,

        Plaintiff,

  v.

JAMES WALKER et al,

        Defendant.

Case Number: CV09-03457 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Perez Hernandez J-91728
California State Prison-Sacramento
C8-115
P.O. Box 290066
Represa, CA 95671-0066

Dated: September 23, 2011

                                          Richard W. Wieking, Clerk
                                          By: Jackie Lynn Garcia, Deputy Clerk