1

2          E-FILED on 10/23/13

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

ANTHONY PEREZ HERNANDEZ,          )      No. C 09-3457 RMW (PR)
12                                          )
            Petitioner,                     )      ORDER RE-OPENING CASE;
13                                          )      ORDER TO SHOW CAUSE
     vs.                                    )
14                                          )
JAMES WALKER, Warden,                       )
15                                          )
            Respondent.                     )
16  _____         )

17          Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  The court found that petitioner stated eleven cognizable

19  claims and ordered respondent to show cause why the petition should not be granted.  On

20  September 23, 2011, the court granted petitioner's request to stay his fully exhausted petition, in

21  order that he could return to state court to exhaust unexhausted claims.  On June 12, 2013,

22  petitioner filed a motion to re-open this action, and an accompanying amended petition.

23  Petitioner's motion is GRANTED.  The Clerk shall RE-OPEN this action, and FILE the

24  amended petition.[1]  Respondent is ordered to show cause why the amended petition should not

25  be granted.

26

27  _____

28       [1] Petitioner's motion for an extension of time in which to file his amended petition is
     GRANTED.

Order Re-Opening Case; Order to Show Cause
G:\PRO-SE\RMW\HC.09\Hernandez457reopen.wpd

1

2                                    **BACKGROUND**

3          According to the amended petition, petitioner was convicted by a jury in Santa Clara

4   Superior Court of six counts of rape.  On January 12, 2005, petitioner was sentenced to 96 years

5   to life.  Petitioner alleges that he has exhausted his state remedies.

6                                    **DISCUSSION**

7   A.    <u>Standard of Review</u>

8          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

9   custody pursuant to the judgment of a State court only on the ground that he is in custody in

10  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

11  <u>v. Hodges</u>, 423 U.S. 19, 21 (1975).

12         A district court shall "award the writ or issue an order directing the respondent to show

13  cause why the writ should not be granted, unless it appears from the application that the

14  applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

15  B.    <u>Petitioner's Claims</u>

16         As grounds for federal habeas relief, petitioner claims: (1) the trial court erred by failing

17  to <u>sua</u> <u>sponte</u> instruct the jury on the lesser included offense of incest (Claim I) (2) the trial court

18  erred in denying defense counsel's request to instruct the jury on unlawful sexual intercourse,

19  pursuant to California Penal Code § 261.5 (Claim II); (3) the prosecutor committed misconduct

20  by: (a) vouching for the credibility of the victim (Claim III), (b) failing to disclose exculpatory

21  evidence and impeachment material (Claim IV), (c) misstating material facts and suborning

22  perjured testimony (Claim V); (4) petitioner received ineffective assistance of counsel for: (a)

23  failing to impeach the victim and other prosecution witnesses (Claims XI(A) and (B)), (b) failing

24  to object to prejudicial evidence and prosecutorial misconduct (Claim XI(C), (c) permitting

25  joinder of six counts of rape without objection (Claim XV), and (d) cumulative errors (Claim

26  XIV); (5) the trial court's denial of petitioner's <u>Marsden</u> motions deprived petitioner of effective

27  assistance of counsel (Claim VI); (7) the trial court erred by admitting evidence of petitioner's

28  prior conduct of domestic and sexual violence (Claim VII); (8) the trial court improperly denied

admission of a letter that the victim sent to petitioner (Claim VIII); (9) the evidence was

insufficient to convict petitioner of rape (Claims IX and XII); (10) the trial court erroneously

instructed the jury that pregnancy or child birth could constitute great bodily injury (Claim X);

and (11) the trial court lacked jurisdiction to try petitioner for Counts 2 through 5 (Claim XIII).

Liberally construed, petitioner's allegations are sufficient to require a response.  Liberally

construed, petitioner's allegations are sufficient to require a response.  The court orders

respondent to show cause why the amended petition should not be granted.

## CONCLUSION

1.      The clerk shall administratively RE-OPEN this action.

2.      The clerk shall serve by mail a copy of this order and the first amended

petition and all attachments thereto upon respondent's attorney, the Attorney General of the State

of California.  The clerk shall also serve a copy of this order on the petitioner.

3.      Respondent shall file with the court and serve on petitioner, within **sixty**

**days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

the state trial record that have been transcribed previously and that are relevant to a

determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

court and serving it on respondent within **thirty days** of the filing date of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

2254 Cases within **sixty days** of the filing date of this order.  If respondent files such a motion,

petitioner shall file with the court and serve on respondent an opposition or statement of non-

opposition within **thirty days** of the filing date of the motion, and respondent shall file with the

court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

5.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

all communications with the court must be served on respondent by mailing a true copy of the

1  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

2  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

3  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

4  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5       IT IS SO ORDERED.

6  DATED: _____

7                                         RONALD M. WHYTE
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PEREZ HERNANDEZ,

          Plaintiff,

   v.

JAMES WALKER et al,

          Defendant.
_____/

Case Number: CV09-03457 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Perez Hernandez J-91728
California State Prison-Solano
5-147-L
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: October 23, 2013

          Richard W. Wieking, Clerk
          By: Jackie Lynn Garcia, Deputy Clerk