IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY PEREZ HERNANDEZ, | ) | No. C 09-3457 RMW (PR) |
| Petitioner, | ) | ORDER RE-OPENING CASE; |
| vs. | ) | ORDER TO SHOW CAUSE |
| JAMES WALKER, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court found that petitioner stated eleven cognizable claims and ordered respondent to show cause why the petition should not be granted. On September 23, 2011, the court granted petitioner's request to stay his fully exhausted petition, in order that he could return to state court to exhaust unexhausted claims. On June 12, 2013, petitioner filed a motion to re-open this action, and an accompanying amended petition. Petitioner's motion is GRANTED. The Clerk shall RE-OPEN this action, and FILE the amended petition.[1] Respondent is ordered to show cause why the amended petition should not be granted.

---

[1] Petitioner's motion for an extension of time in which to file his amended petition is GRANTED.

Order Re-Opening Case; Order to Show Cause
G:\PRO-SE\RMW\HC.09\Hernandez457reopen.wpd

**BACKGROUND**

According to the amended petition, petitioner was convicted by a jury in Santa Clara Superior Court of six counts of rape.  On January 12, 2005, petitioner was sentenced to 96 years to life.  Petitioner alleges that he has exhausted his state remedies.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claims

As grounds for federal habeas relief, petitioner claims: (1) the trial court erred by failing to sua sponte instruct the jury on the lesser included offense of incest (Claim I) (2) the trial court erred in denying defense counsel's request to instruct the jury on unlawful sexual intercourse, pursuant to California Penal Code § 261.5 (Claim II); (3) the prosecutor committed misconduct by: (a) vouching for the credibility of the victim (Claim III), (b) failing to disclose exculpatory evidence and impeachment material (Claim IV), (c) misstating material facts and suborning perjured testimony (Claim V); (4) petitioner received ineffective assistance of counsel for: (a) failing to impeach the victim and other prosecution witnesses (Claims XI(A) and (B)), (b) failing to object to prejudicial evidence and prosecutorial misconduct (Claim XI(C), (c) permitting joinder of six counts of rape without objection (Claim XV), and (d) cumulative errors (Claim XIV); (5) the trial court's denial of petitioner's Marsden motions deprived petitioner of effective assistance of counsel (Claim VI); (7) the trial court erred by admitting evidence of petitioner's prior conduct of domestic and sexual violence (Claim VII); (8) the trial court improperly denied

1  admission of a letter that the victim sent to petitioner (Claim VIII); (9) the evidence was
2  insufficient to convict petitioner of rape (Claims IX and XII); (10) the trial court erroneously
3  instructed the jury that pregnancy or child birth could constitute great bodily injury (Claim X);
4  and (11) the trial court lacked jurisdiction to try petitioner for Counts 2 through 5 (Claim XIII).
5  Liberally construed, petitioner's allegations are sufficient to require a response.  Liberally
6  construed, petitioner's allegations are sufficient to require a response.  The court orders
7  respondent to show cause why the amended petition should not be granted.

## CONCLUSION

1.   The clerk shall administratively RE-OPEN this action.

2.   The clerk shall serve by mail a copy of this order and the first amended petition and all attachments thereto upon respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3.   Respondent shall file with the court and serve on petitioner, within **sixty days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the filing date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

5.   It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the

1  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
2  change of address by filing a separate paper captioned "Notice of Change of Address."  He must
3  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
4  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

DATED: _____                    /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PEREZ HERNANDEZ,

        Plaintiff,

  v.

JAMES WALKER et al,

        Defendant.

Case Number: CV09-03457 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Perez Hernandez J-91728
California State Prison-Solano
5-147-L
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: October 23, 2013

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk